UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABAS DOWLAD, | CASE NO. 2:25-cv-02633-LK |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| v. | |
| JEFFREY BEZOS et al., | |
| Defendants. | |

This matter comes before the Court sua sponte. On December 23, 2025, United States Magistrate Judge Brian A. Tsuchida granted Plaintiff Abas Dowlad's application to proceed *in forma pauperis* but recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 4 at 1. Having reviewed the complaint, the record, and the applicable law, the Court dismisses Mr. Dowlad's complaint for the reasons set forth below.

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019). The typical bases for federal jurisdiction are established

ORDER DISMISSING COMPLAINT - 1

where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) the parties have diverse citizenship (e.g., are residents of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

The Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction" over the case. Fed. R. Civ. P. 12(h)(3). In addition, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss plaintiffs' complaints if their claims (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

Mr. Dowlad has alleged subject matter jurisdiction based on diversity of the parties, Dkt. No. 5 at 3, 7, but he has not shown that the parties are diverse. He identifies the two Defendants— Jeffrey Bezos and Amazon—and himself all as citizens of Washington. *Id.* at 4. The complaint therefore fails to meet the basic requirement that all plaintiffs must be of different citizenship from all defendants to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

Nor is diversity established even if the Court considers the existence of GOOGAA LLC, which the complaint identifies as a plaintiff in the jurisdiction section but not in the caption or the parties section. Dkt. No. 5 at 1, 4. That entity does not establish that the parties are diverse either because Mr. Dowlad identifies it as a Washington citizen. *Id.* at 4. The Court thus lacks subject matter jurisdiction based on diversity. Mr. Dowlad does not assert—or demonstrate—jurisdiction based on a federal question either. *See id.* at 9–10 (listing causes of action).

Two additional problems arise from Mr. Dowlad's inclusion of GOOGAA LLC in the complaint. First, Mr. Dowlad fails to identify its members or their citizenship. Limited liability companies "have the citizenship of all of their owners/members[.]" *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006). Local Rule 7.1 requires a party to

identify any member of the LLC and for any such member, "list those states in which the . . . members are citizens." *See* LCR 7.1(a)(1), (b); *see also* Fed. R. Civ. P. 7.1(a)(2) & Advisory Committee notes to 2022 amendments (requiring parties in a diversity action to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party," and noting that such information is crucial to "facilitate an early and accurate determination of jurisdiction"). Mr. Dowlad has therefore failed to establish the citizenship of GOOGAA LLC. Second, Mr. Dowlad seems to assert a claim and damages on behalf of GOOGAA LLC, Dkt. No. 5 at 5 (alleging that "[t]he total amount claimed reflects the direct financial losses sustained by Plaintiff and his company, GOOGAA LLC, as a result of Defendant's conduct"), but a non-attorney "has no authority to appear as an attorney for others than himself[,]" *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Accordingly, Mr. Dowlad cannot represent GOOGAA LLC, and that entity—and its alleged damages—are not properly before the Court. The complaint thus fails to establish that the amount in controversy exceeds $75,000 based solely on Mr. Dowlad's damages. 28 U.S.C. § 1332(a). The Court therefore dismisses this matter for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Because amendment may be possible, the Court grants leave to file an amended complaint.

For the foregoing reasons, the Court DISMISSES Mr. Dowlad's complaint, Dkt. No. 5, with limited leave to amend as described above. Again, as a non-attorney, he cannot assert claims on behalf of GOOGAA LLC or anyone else. Mr. Dowlad's amended complaint, should he choose to file one, must be legible, must clearly identify the basis for this Court's subject matter

ORDER DISMISSING COMPLAINT - 3

jurisdiction, and must provide a short and plain statement of the factual basis of his claim as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant, the claim asserted, the specific facts that Mr. Dowlad believes support the claim, and the specific relief requested. If Mr. Dowlad does not file a proper amended complaint within 21 days, the Court will dismiss this action and close this case.

Dated this 3rd day of February, 2026.

Lauren King
United States District Judge

ORDER DISMISSING COMPLAINT - 4